David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
**Kazerouni Law Group, APC**
301 E. Bethany Home Road, Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*
Maxx Lyman

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Maxx Lyman, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Retail Energy Holdings, LLC d/b/a Town Square Energy.**<br><br>Defendant. | Case No.:<br><br>**Complaint For Damages Pursuant To The Telephone Consumer Protection Act 47 U.S.C. §§ 227, Et Seq ("TCPA")**<br><br>**Jury Trial Demanded** |

1. Plaintiff Maxx Lyman ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint (the "Complaint") against Retail Energy Holdings, LLC d/b/a Town Square Energy, ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

**Complaint** 1

## Introduction

2. Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C § 227, et seq. ("TCPA") and invading the privacy of Plaintiff and the putative class by making unsolicited telemarketing calls to persons on the Do Not Call Registry without their consent in violation of the TCPA. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

3. Defendant made unauthorized telephone calls to Plaintiff's cellular telephone after Plaintiff was on the Do Not Call Registry for more than thirty one (31) days for the purpose of solicitation.

4. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

5. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited phone calls as well as an award of statutory damages to the members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## Jurisdiction & Venue

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

7. The Court has personal jurisdiction over Defendant because Defendant's principal place of business/headquarters is located in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because (i) Defendant's principal place of business/headquarters is located in this District; (ii) Defendant is deemed to reside in the judicial district in which it maintains its principal place of business; and (iii) a substantial part of the events or omissions giving rise to these claims occurred within this District.

## **Parties & Definitions**

9. Plaintiff is a citizen of North Dakota and currently resides in Fargo, North Dakota.

10. Upon information and belief, Defendant is a limited liability company with its principal place of business located at 2200 E Williams Field Rd, Suite 200, Gilbert, AZ 85295-0764.

11. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

///

## The TCPA

12.  In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy…." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.  Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment.  The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.  It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems– principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

14.  As of October 16, 2013, unless the recipient has given prior express written consent, the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or

**Complaint** 4

entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

15. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory*

*Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

16. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

17. With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

18. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one

Congress has identified.'" Van Patten v. Vertical Fitness Grp., No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## Factual Background

19. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number of ending in 3877 ("Cell").

20. Plaintiff is the sole user and/or subscriber of his Cell and is financially responsible for phone service to his Cell.

21. At no time prior to Defendant first initiating its call to Plaintiff did Plaintiff provide Plaintiff's Cell number to Defendant through any medium.

22. Plaintiff uses his Cell for residential purposes.

23. At no time did Plaintiff ever enter into a business relationship with Defendant.

24. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted for marketing purposes.

25. On September 5, 2023, Plaintiff received a call to his Cell from Defendant and/or Defendant's agent from (617)404-2674. Plaintiff answered the call and spoke to an individual who stated they were with Town Square Energy. Plaintiff explicitly told Defendant's agent to not call him.

26. On September 8, 2023, Doyle received two calls to his Cell from Defendant and/or Defendant's agent from (617)404-2674. Plaintiff answered the

first call and spoke to an individual who stated they were with Town Square Energy. Plaintiff explicitly told Defendant's agent to not call him.

27. Plaintiff did not answer the second call.

28. On September 11, 2023, Doyle received a call to his Cell from Defendant and/or Defendant's agent from (617)404-2674. Plaintiff answered the call and again explicitly told Defendant's agent to not call him.

29. Defendant's call to Plaintiff's Cell was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Plaintiff did not provide Defendant "prior express written consent" to receive telemarketing calls to his cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

31. Plaintiff also did not provide regular "prior express consent" to receive any call from Defendant.

32. The unwanted telephone call Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

33. Plaintiff has reason to believe that Defendant has called thousands of wireless telephone customers with an autodialer to market its products and services without prior express written consent and/or after consumers revoked their consent in a reasonable manner.

34. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

35. Defendant's text messages forced Plaintiff to live without significant memory space in his cellular phone by occupying his telephone with multiple unwanted text messages, causing nuisance and lost time.

36. The telephone number Defendant or its agent messaged was a personal cellular device of Plaintiff, and the message received by Plaintiff constituted a "telephonic solicitation" as defined in 47 U.S.C § 227(a)(4).

37. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and the Class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice calls to cellular phones.

38. On behalf of Plaintiff and the Class, Plaintiff seeks an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees for the unlawful calls.

### Class Action Allegations

39. Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class, which are defined is follows:

> All persons within the United States who received two or more telephone calls from Defendant, its employees and/or agents, for the purpose promoting Defendant's goods or services, to said person's cellular telephone when that person had been on the Do Not Call registry for more than 30 days before receiving calls within the four years prior to the filing of this action.

40. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

**Complaint** 9

41. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones after they had been on the National Do Not Call Registry thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

42. The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records, and it is clear that individual joinder is impracticable. Defendant made telephone calls to thousands of consumers who fall into the definition of the Class.

43. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

44. Common questions for the Class include, without limitation:

    a. Whether Defendant placed marketing calls to cellular telephone numbers during the proposed class period;

    b. Whether Defendant had consent to call Plaintiff and the putative class members;

    b. Whether Plaintiff and the putative class members were on the national do-not-call registry;

    c. Whether Class members are entitled to treble damages based

on the willfulness of Defendant's conduct; and

   d.   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

45. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff received from Defendant or its agent at least two calls for marketing purposes without prior express written consent. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

46. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

47. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

48. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

49. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law

applicable only to Plaintiff.

50. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

51. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

52. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

53. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

54. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

///

///

///

///

## Causes Of Action

## Count I

## Negligent and/or Willful Violations Of The TCPA

## 47 U.S.C. §§ 227(c) et seq.

55. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

56. Defendant made unsolicited and unauthorized phone calls to the cellular telephones of Plaintiff and the Class members for the purpose of marketing products and/or services to Plaintiff and the Class.

57. Plaintiff and the putative class members were on the national do-not-call registry for at least 30 days before being called by Defendant two or more times.

58. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

59. Defendant's conduct invaded Plaintiff's privacy.

60. As a result of Defendant's violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it did not have permission as the Plaintiff and putative class were on the Do Not Call Registry, in violation of

the TCPA.

62. Defendant willfully and/or knowingly allowed telemarketing calls to be placed to Plaintiff and Class. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation calls.

63. Because Defendant knew or should have known that Plaintiff and Class Members never gave their prior express written consent to receive calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

64. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

65. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **Prayer For Relief**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully request the following relief:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel;

- On the First Count, an award of actual or statutory damages of $500 for each and every negligent violation and $1,500 for each willful violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B) and injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

- Costs of suit;

- Reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine;

- Pre-judgment and post-judgment interest on monetary relief; and

- All other and further relief as the Court deems necessary, just, and proper.

### **Demand For Jury Trial**

66. Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff demands a trial by jury of any and all triable issues.

Dated: July 2, 2024                                           Respectfully submitted,

                                                By: /s/ David J. McGlothlin
                                                    David J. Mcglothlin, Esq.
                                                    Attorney For Plaintiff

**Complaint**                                    15